No. 2496

Second Circuit

---

BLAKENEY v. EASTERWOOD

---

(April 10, 1926. Opinion and Decree)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Pleading—Par. 90.**

Code of Practice, Article 419, allowing "after issue joined", amendment with leave of court, indicates that before issue joined the plaintiff may amend without any leave of court.

> Tarver vs. Quinn, 149 La. 368, 89 South. 216.
>
> Lehman Dry G. Co. vs. Lemoine, 129 La. 382, 56 South. 324.

2. **Louisiana Digest—Pleading—Par. 82, 83.**

An amended petition substituting $600.00 for $700.00 as the amount of the principal of a note sued on, does not change the issues.

3. **Louisiana Digest—Citation and Appearance—Par. 6; Prescription—Par. 190, 192, 193.**

Where the petition and citation described the defendant as C. R. Easterwood and citation is served on C. E. Easterwood, who was the person intended to be sued, such citation is sufficient to interrupt the running of prescription on the demand sued on, and correction of the misnomer by amended petition and citation will relate back to and cure the misdescription in the original petition and citation.

> Satterley vs. Morgan, 33 La. Ann. 846.
>
> Babin vs. Lyons Lumber Co., 132 La. 873, 61 South. 855.
>
> Gueble vs. Town of Lafayette, 118 La. 494, 43 South. 63.
>
> Woodall vs. La. Ry. & Nav. Co., 149 La. 903, 90 South. 238.
>
> Anding vs. T. & P. Ry. Co., 158 La. 903, 104 South. 190.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by B. B. Blakeney against C. E. Easterwood for collection of a promissory note. There was a reconvention filed for defendant. There was judgment in favor of plaintiff rejecting defendant's reconventional demand. Defendant appealed.

Judgment affirmed.

Pugh and Boatner, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis and Wilkinson, of Shreveport, attorneys for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff filed a petition in the District Court wherein he alleged that he was the owner and holder of a promissory note for the sum of

$700.00 payable to his order one year after its date, signed C. R. Easterwood, dated August 3, 1917, bearing 6% per annum interest from its date until paid and stipulating payment of 10% attorney's fees in case of suit for collection, less $149.00 paid on April 21, 1919; and he asked for judgment against C. R. Easterwood for the debt, interest, attorney's fees and costs.

Citation was issued to C. R. Easterwood.

Service was had on C. E. Easterwood on July 5, 1923, who, on July 14, 1923, filed an exception that the initial letters of his given name were C. E. and not C. R., that therefore he had not been legally cited, and asked that the suit be dismissed.

This exception seems not to have been passed upon, or it was impliedly overruled, for, on July 18, 1923, by leave of court, over defendant's objection, plaintiff filed an amended petition alleging that C. E. Easterwood and not C. R. Easterwood was the maker of the note and of the person sued and prayed for judgment against C. E. Easterwood.

Service of this amended petition was had July 18, 1923.

On September 20, 1923, by leave of court, plaintiff filed a second amended petition, wherein he alleged that the note sued on had been lost, that diligent search therefor had been made in vain, and that its loss had been advertised according to law.

Service of this amended petition was had on September 20, 1923.

On October 16, 1923, defendant filed a plea of prescription of five years, alleging that no payment had been made on the note to his knowledge or with his

consent and that more than five years had elapsed between the date of the maturity of the note and that of service of citation on him.

On November 10, 1923, defendant withdrew his plea of prescription and, reserving his exceptions to the allowance of the first amended and second amended petitions, denied the allegations of the original and amended petitions, and reconvened against plaintiff for $250.00, with legal interest thereon from judicial demand, alleging that he had entrusted to plaintiff and his partner in the practice of law a claim for that amount for collection and that they had collected it and failed to account to him therefor.

On March 22, 1924, by leave of court, over plaintiff's objection that it changed the issues, plaintiff filed a third amended petition. In this he alleged that the note sued on was not for $700.00 but $600.00, and that its date was not August 3, 1917, but some day, unknown, in June, July or August, 1923.

Defendant then filed an exception of no cause or right of action to plaintiff's original and first, second and third amended petitions, coupled with an answer, in the alternative, should this exception be overruled, wherein, after reserving his exceptions to the rulings of the court, he denied, for lack of information, the allegations of the original and amended petitions.

He also filed a new plea of prescription of five years.

On these issues the case went to trial and there was judgment in favor of the plaintiff and against the defendant C. E. Easterwood for $600.00 with 6% per annum interest thereon from August 31, 1917, until paid, and 10% additional on the

amount of principal and interest, as attorney's fees, less a credit of $149.00 as of April 21, 1919, and rejecting defendant's reconventional demand.

The defendant appeal, and in this court plaintiff has moved for 10% damages as for a frivolous appeal.

## OPINION

Only two questions are involved in a decision of this case, namely, whether plaintiff had the right to amend his petition and whether his cause of action was prescribed.

It is the settled jurisprudence of Louisiana that amendments of pleadings should be liberally allowed so as to accomplish the objects of justice.

Changing the amount sued for from $700.00 to $600.00 was not to the prejudice but rather to the advantage of defendant, and the evidence shows that the reduction was made as a concession to defendant and for the purpose of eliminating possible controversy as to the correct amount of the note.

In our opinion, the amendments allowed might well have been made instantor, but all three of them were formally allowed by order of court, and the first two were formally served on defendant.

"Code of Prac., Art. 419, allowing 'after issue joined' amendment with leave of court, indicates that before issue joined the plaintiff may amend without any need of leave of court."

Tarver vs. Quinn, 149 La. 368, 89 South. 216.

"Moreover * .* * until the defendant has appeared there is nothing to prevent the filing of as many supplemental petitions as the plaintiff may see fit to file."

Lehman Dry Goods Co. vs. Lemoine, 129 La. 382, 56 South. 324.

C. E. Easterwood being the person intended to be sued by plaintiff, service on him before prescription had run of citation addressed to C. R. Easterwood interrupted the running of prescription.

In Satterley vs. Morgan, 33 La. Ann. 846, the suit was against one Charles Morgan, an absentee; citation was issued to Charles Morgan, and the sheriff's return thereon showed service "on Charles Morgan, through A. C. Hutchinson, his agent, in person".

The defendant excepted to the service as illegal. The exception was sustained, with leave to plaintiff to perfect citation. The petition was thereupon amended so as to allege that Charles Morgan was a resident of New York and was represented in Louisiana by an agent, A. C. Hutchinson, and a new citation, addressed to "Charles Morgan, through A. C. Hutchinson, agent" was issued thereon and served on the latter.

Defendant thereupon filed a plea of prescription.

As the prescriptive period had run after the service of the first and before the service of the second citation, the question of the sufficiency of the first citation to interrupt prescription was presented; and the court held that the first citation was sufficient to interrupt prescription, saying:

"A long line of authorities have established a distinction between the technical sufficiency of a citation, as a basis for the maintenance of proceedings and judgment, and its sufficiency for the purpose of interrupting prescription. Citation for the purpose of interrupting prescription needs not to be technically perfect either in form or service.

"For the ordinary purposes of a suit and judgment a citation or judicial demand addressed to a person other than the one intended to be sued, though delivered to the latter, is ineffectual; but, where such demand has been served upon

the right person and conveys full information, a slight error in the designation or description of the person intended to be sued, which could mislead no one, will not prevent its interrupting the prescription of the claim so demanded."

Babin vs. Lyons Lumber Co., 132 La. 873, 61 South. 855.

In that case the correct name of the person intended to be sued was Lyons Lumber Company and the petition and citation described it as J. L. Lyons Lumber Company.

See also:

Gueble vs. Town of Lafayette, 118 La. 494, 43 South. 63; Woodall vs. L. Ry. & Nav. Co., 149 La. 903; 90 South. 238; Anding vs. T. & P. Ry. Co., 158 La. 412, 104 South. 190; City of New Orleans vs. Saloy, 11 La. Ann. 420.

The first citation had the effect of interrupting the running of prescription and the petition and citation have been amended so as to correctly designate the defendant, the error was cured, the cure related back to the date of service of the first citation and therefore the plea of prescription was properly overruled

Plaintiff testified that he was the owner and holder of the note sued on; that it was dated August 3rd or 4th, 1917; that it was for $700.00; that it was lost or destroyed at Tulsa, Oklahoma; that it was made payable to B. B. Blakeney; that it stipulated for the payment of 10% as attorney's fees in case of legal proceedings to collect it; that it bore six per cent interest; that he had not negotiated it; and that it disappeared from his office in Tulsa some time before January, 1920; that himself and partner had collected for account of defendant $200.00; that he had deducted a fee of $25.00 therefrom and

credited the balance of $175.00 on the note sued on which at that time, April 21, 1919, amounted, in principal and interest, to $726.00; that he so informed defendant by letter of that date; that he had subsequently met defendant and discussed the matter with him and that it was satisfactory to defendant and that he had endorsed the credit on the note in defendant's presence.

J. H. Maxey testified that he had been the partner of the plaintiff; that he had seen the note sued on; that it was payable to plaintiff, was dated some day in June, July or August, 1917, at Tulsa, Oklahoma; that it was due one year after its date, bore 6% interest and stipulated payment of 10% attorney's fees; that the firm of Blakeney & Maxey represented defendant in a suit in the District Court of Tulsa county, Oklahoma, against one M. E. McBride; that the suit was compromised for $200.00; that defendant directed him to deduct his fee and pay the balance of the $200.00 to plaintiff to be credited on the note sued on; that he deducted $25.00 as his fee and on April 21, 1919, paid over to plaintiff $175.00.

L. Wheeler testified that in 1920 or 1921, after defendant had moved from Tulsa, Oklahoma, to Shreveport, Louisiana, he had a conversation with defendant in Wichita Falls, Texas, and that in that conversation defendant told him he had not paid plaintiff the note that is the subject of this action and that he, defendant, was entitled to a credit thereon in connection with money that plaintiff's firm had collected for him.

Proof was also made of publication in the "Daily Oklahoman" and "Oklahoma Times", two newspapers of general circulation in the State of Oklahoma, of the loss of the note sued on.

Defendant, in his testimony, admits having given plaintiff his promissory note,

says it was in payment for an automobile sold him by plaintiff, that it was for $600.00 and that he made the note and mailed it to plaintiff on July 19, 1917, and that it was due one year after its date. He denies having authorized the application of the $175.00 collected by plaintiff and his partner for his account as a credit on the note and says he had no knowledge of the collection until just before this suit was brought when plaintiff informed him about it and that he then disapproved of the transaction.

Besides 6% interest on the principal until paid the note stipulates for payment of 10% on the amount of both as attorney's fees. Plaintiff has asked for damages as for a frivolous appeal, but they cannot be allowed.

We find no error in the judgment appealed from and it is therefore affirmed.