### AGNELLY v. GOODHEIT

---

(Mar. 14, 1927.   Opinion and Decree.)
(Mar. 28, 1927.   Rehearing Refused.)
(Apr. 26, 1927.   Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. Louisiana   Digest—Prescription — Par. 190, 195.

Suit against and service upon Edward Parelli will not interrupt prescription against Manuel Parelli, notwithstanding the fact that Manuel is the father of Edward Parelli and resides in the same house with him, and the further fact that Manuel is the father of Albino Parelli for whose tort the suit is instituted against Edward Parelli errone-ously alleged to be the father of Albino Parelli.

Appeal from Civil District Court, Division "B".   Hon. F. D. King, Judge.

Action by Ellen Agnelly against Camille Goodheit.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Habans & Coleman, of New Orleans, attorneys for plaintiff, appellant.

H. M. Wilkinson, A. J. Hollander, John B. Fisher, of New Orleans, attorneys for defendant, appellee.

### OPINION

WESTERFIELD, J.   Plaintiff sued Camille Goodheit and Edward Parelli for damages for physical injuries, alleging that she was injured as a result of a collision between a Ford coupe, driven by Camille Goodheit, and a truck driven by Albino Parelli, minor son of Edward M. Parelli, which accident she alleges occurred November 2, 1924.

Edward Parelli answered, denying generally the allegations of plaintiff's petition but specifically denying that he was the father of Albino Parelli.   The suit was filed October 22, 1925.   Parelli answered November 5, 1925.   A supplemental petition was filed by plaintiff December 10, 1925, in which it was alleged "that through a clerical error she (petitioner) has shown the name of the father of Albino Parelli to be Edward M. Parelli where as it should be Manuel T. Parelli.   No additional citation was asked for, but judgment against Manuel T. Parelli as originally prayed for was asked in the supplemental petition.   However, Manuel Parelli was cited and served with a copy of the supplemental petition on

December 11, 1925, or more than a year after the date of the alleged accident.

Manuel Parelli filed an exception of prescription which was maintained and the suit dismissed as against Parelli. Plaintiff has appealed.

On the trial of the exception it was admitted that Edward Parelli was a son of Manuel, and resided in the same house with his father.

It is contended that the service of citation in the name of Edward, being domiciliary, was sufficient to interrupt prescription as to Manuel, because both parties lived in the same house and the service might well be regarded as a service upon Manuel, the father, as upon Edward, the son. Or in any event, it was sufficient service to interrupt prescription, there being an error in the name of Manuel Parelli, though, it is evident, that he was the person intended to be sued. In support of this contention we are reminded that there is a distinction between process sufficient for the maintenance of judicial proceedings and judgment against a party and process relied on merely to interrupt prescription. Babin vs. Lyons Lumber Co., Ltd., 132 La. 876, 61 So. 855.

In the case of Louis Broussard vs. Hile Rosenblum, No. 10,062 Orl. App. (not yet reported) we held that "suit against, with citation to and service upon a minor will not interrupt the prescription of an action against his father, though father and son reside together and it be shown that the father had personal knowledge of such suit."

In that case we reviewed a number of pertinent authorities, to which we can add nothing by further discussion here. The present case can not be distinguished in principle, and, therefore, the Broussard case is controlling. If there was simply an error in the name of defendant a different case would be presented, but in the Broussard case, as in this case, the defendant named in the petition was served. In both cases it proved to be the son of the party eventually sought to be held liable.

However erroneous the citation may be in giving the name of defendant if it be sufficient to give judicial notice of the suit it will suffice to interrupt prescription. Actual notice will not do. It must be judicial. Service on the son, cited in his proper name, can not be considered as judicial notice to the father. It is quite likely that the son exhibited the citation and accompanying petition to his father who thereby became fully advised of the suit and of the fact that he and not his son was the party intended to be sued. Even though we indulge a presumption to that effect, indeed, if it were proven by this record to be the fact, it would not save the situation for it would amount to nothing more than proof that the father was aware of the claim made against him. If there were no such person as Edward Parelli or if no one by that name resided in the house with Manuel a different case would be presented. Perhaps the service of citation in the name of Edward Parelli at the home of Manuel Parelli, would suffice to interrupt prescription in that case. But the service in this case was in the name of Edward, and served at Edward's domicile, Manuel Parelli has had no judicial notice. The plea of prescription was, therefore, properly maintained and the judgment appealed from is affirmed.