No. 2586

Second Circuit

---

## McDADE v. FULBRIGHT

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. Louisiana Digest — Automobiles — Par. 6(a); Master and Servant—Par. 164, 166; Mandate—Par. 80.

The owner of an automobile is not liable in damages for injuries caused by its being negligently operated by one not shown to have been at the time of the injury his employee or agent and acting within the scope of his employment or agency.

> Tinker vs. Hirst, 162 La. 209, 110 So. 324.
> Bardt vs. Champon, 6 La. App. 763.

Appeal from the Second Judicial District Court, Parish of Webster. Hon. John S. Richardson, Judge.

Action by Wilkins McDade against W. Clyde Fulbright.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

R. L. Langston, of Minden, attorney for plaintiff, appellant.

J. F. McInnis, of Minden, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit to recover $214.92 with legal interest thereon for damage alleged to have been done to an automobile belonging to plaintiff in a collision between it and an automobile belonging to defendant and operated by one Floyd Maxey, who, it is alleged, was an employee of defendant, and acting within the scope of his employment at the time of the collision.

Defendant denied liability and denied that at the time of the collision Floyd Maxey was engaged in the performance of any duty within the scope of his employment by him.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing his suit and he has appealed.

## OPINION

Floyd Maxey was employed by plaintiff as a night dishwasher in a hotel operated by him in the town of Minden, Louisiana, and plaintiff handed him the key to the lock on his automobile and instructed him to carry it to one Nolan Clark and to tell him to drive the automobile to the front of the hotel. There was no reason why Floyd Maxey should not have obeyed the instructions, but instead of doing so he went to the automobile and got into it and undertook himself to drive it to the front of the hotel, and being an inexperienced driver, he ran the automobile into one belonging to plaintiff and damaged it.

And the only question presented for our determination is whether defendant is responsible for the damage caused by the tortious act of Floyd Maxey.

Not only does the testimony not show that Floyd Maxey, at the time of the collision, was acting within the scope of his employment or agency, but affirmatively shows that he had undertaken to operate defendant's car without his knowledge or consent and in violation of defendant's instructions to hand the key to it to Nolan Clark and tell him to drive it to the hotel.

In the case of Bardt vs. Champon, 6 La. App. 763, the Court said:

"To hold the owner liable for the damage done by an automobile in motion, it must be shown that it was operated at the time of the damage by the owner himself, or by some one under his control, or by his employee acting within the scope of his employment and for the benefit of the owner."

At the time of the collision Floyd Maxey was not under defendant's control nor acting within the scope of his employment and under the law defendant is not responsible for the damage resulting from his wrongful act.

The judgment appealed from is correct and accordingly it is affirmed.