## CALAMIA v. MYERS et al.

### No. 16453.

Court of Appeal of Louisiana. Orleans.

Oct. 19, 1936.

Adam H. Harper, of New Orleans, for appellant.

Benjamin Y. Wolf, of New Orleans, for appellees.

McCALEB, Judge.

This is a suit by the plaintiff for personal injuries against the National Hosiery Mills, a commercial copartnership composed of William, Isidore, and Earhardt Myers, and against the three defendants individually in their capacity as members of the copartnership.

The facts in this case are given at length in Calamia v. National Hosiery Mills (La. App.) 164 So. 146, when the case was before us for the first time, and need not be repeated here. It is sufficient to say that the plaintiff brought the same suit against the National Hosiery Mills as a corporation and against Gilbert Bearard as employee of that corporation. Upon proof being exhibited in the lower court that the National Hosiery Mills was a copartnership, the suit against it was dismissed and on appeal to this court judgment was entered in favor of the plaintiff and against the defendant Bearard in the sum of $150.

The present suit is brought against the copartnership and the members thereof. The defendant answered the petition and, among other numerous defenses, sets forth that Gilbert Bearard was not an employee of the copartnership and was not, at the time of the accident, performing any duty or services for the National Hosiery Mills. The plaintiff alleges, in article 7 of the petition, that Bearard was in the employ of the National Hosiery Mills and was then and there performing services for said National Hosiery Mills arising out of and within the course of his employment by it; said services being then and there performed for defendant, its agents, representatives, and employees.

Inasmuch as a reading of the record discloses that Bearard, at the time plaintiff was injured, was not doing anything within the scope of his employment as porter at the National Hosiery Mills, it will be unnecessary for us to consider the other defenses interposed by the defendants.

At the outset of the trial below counsel for defendant, the National Hosiery Mills, objected to any and all evidence which might tend to hold the partners individually except in their capacity as individual members of the National Hosiery Mills copartnership, and, although this objection was overruled by the court, counsel was protected from any judgment against the defendants in their individual capacities other than as individual members of the copartnership.

The evidence as to the nature of the employment of Bearard is found in the testimony of Bearard himself and of William Myers, one of the members of the copartnership. This testimony shows that Bearard, a colored man, is employed at the National Hosiery Mills as Porter and does general office work there every morning. After his work at the mill is completed, he then goes to the home of the copartners' mother, where he performs duties of household servant and chauffeur. On the day of the accident Bearard left the mill after performing his duties there and went to the home of the defendants' mother, using his own automobile for that purpose. Some time later in the day, but before noon, he was in the act of driving the defendants' mother to the mill for lunch in his own automobile when the accident occurred.

Upon the foregoing evidence, it suffices to say that Bearard, at the time of the accident, was not an employee of the National Hosiery Mills acting within the scope of his employment and in furtherance of their business. Blake v. Jefferson-St. Charles Transfer Co. et als., 8 La.App. 310; McDade v. Fulbright, 8 La.App. 529. Whatever may be the plaintiff's right to recover against the Myers brothers individually, or their mother, cannot be considered by us in this case for the reason, as above stated, that the allegation is that Bearard was an employee of the National Hosiery Mills performing services for that concern within the course of his employment by it, and counsel for defendants has limited the question presented to that very issue by timely objection made in the lower court.

In view of the foregoing we must dismiss the plaintiff's suit at her cost.

For the reasons assigned, the judgment is affirmed.

Affirmed.