**H. J. SMITH & SONS v. JOINER.**

**No. 1693.**

Court of Appeal of Louisiana. First Circuit.

March 5, 1937.

Harvey E. Ellis and Frank B. Ellis, both of Covington, for appellant.

B. M. Miller, of Covington, for appellee.

LE BLANC, Judge.

On January 28, 1933, plaintiff herein, the commercial partnership of H. J. Smith & Sons, filed a suit against Eugene H. Joiner and his wife, Mrs. Neva T. Joiner, the latter being the sole defendant in the present suit, for a balance alleged to be due on an open account. The petition contained the usual allegations made in a suit on an open account and had annexed to it, as part thereof, an itemized statement showing all debits and credits, under which the balance alleged to be due was arrived at. That balance, in the sum of $292.18, was the amount which judgment was prayed for against both defendants, with legal interest from date of judicial demand. The statement of account carried on a billhead of the plaintiff partnership, appeared in the name of "Mr. E. H. Joiner."

There was filed on behalf of Mrs. Neva T. Joiner an exception of no cause of action which, as appears from the extract of the minutes of court, was sustained by the district judge and the suit was dismissed as to her. That was on February 24, 1933. There had been filed some exception on behalf of the other defendant, E. H. Joiner, which was referred to the merits. Other than this, nothing further was done in the case, as appears from the record which is before us as an offer in the present suit.

On September 27, 1935, the same plaintiffs, appearing through different counsel, instituted the present proceeding, on the same open account, against Mrs. Neva T. Joiner, as the sole defendant, alleging in their petition this time, that the account represented the sale of lumber and other building material purchased by and delivered to her, for the purpose of being used and which were used by her in the construction and repair of a dwelling house and other buildings on a certain described tract of land which is alleged to be her separate property. An itemized statement of the account, a duplicate of the one annexed to the petition in the suit filed in 1933 against the present defendant and her husband, is annexed to "and made part of" the petition in this case. Judgment is prayed for against the defendant for exactly the same amount as was demanded in the other suit with interest, however, from October 21, 1922, until paid, and petitioners further pray for a "reservation of all their rights in the premises against Eugene H. Joiner, husband of the said defendant."

To this petition, there was filed on behalf of the defendant, first, an exception of no cause of action coupled with a plea of estoppel, and, secondly, a plea of res adjudicata. Upon all three of these pleas being overruled, defendant filed an answer in the nature of a general denial. The case was then heard on the merits and there was judgment in favor of the plaintiffs for the amount demanded, with interest however, from date of judicial demand only. Defendant has appealed and all the pleas presented in the lower court are again urged before this court.

Taking up the pleas in the order in which they were disposed of by the district judge, we will consider, first, the plea of res adjudicata.

■ The judgment of February 24, 1933, sustaining the exception of no cause of action and dismissing the first suit as against the present defendant was one rendered orally from the bench, and as far as the record and the minutes of court disclose, was never reduced to writing and signed by the district judge. It has long since been decided that a judgment which was never signed, as required by law, cannot form the basis of a plea of res adjudicata. In the early case of Hatch et al. v. Arnault et al., 3 La.Ann. 482, it appeared, as does here, that the minutes of court furnished the only proof of a judgment having been rendered, and the court, referring to the law which required all judgments to be signed, held that, "no judgment having been signed in this case, there is no res judicata." In citing this decision in the later case of Derbigny v. Trepagnier, 12 La.Ann. 756, the court again stated: "Such a judgment [one that has not been signed] cannot be considered as having the effect of res judicata."

. ■ We hold, for these reasons, that the plea of res adjudicata in this case was properly overruled by the district judge.

. Taking up next the plea of estoppel, we find that the same is based on what is said to have been the judicial admission made by plaintiffs in the suit filed in 1933 against this defendant and her husband, to the effect that the debt sued on was a community debt and they cannot be heard now to assert that it is a separate debt of the wife.

. The district judge overruled the plea on the authority of Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, 136, L.R.A.1915A, 200, Ann.Cas.1915C, 717, which he interpreted as holding that a judicial allegation, even though made in a judicial proceeding, does not create judicial estoppel but merely forms the basis of an equitable estoppel. Which means that unless the party pleading it as an estoppel was led astray thereby or suffered some injury as a consequence of it, it .cannot be maintained as such, but may only be said to create a presumption of proof against the one who made the allegation or the admission.

. There is no doubt justification for such an interpretation of that decision of the Supreme Court which exhaustively reviews the apparently conflicting jurisprudence up to the time of its rendition on the question of estoppel arising out of judicial admission as contemplated under article 2291 of the Civil Code. It was said that that article had "reference only to the judicial confession made in the suit itself." The decision also contained another broad statement that "allegations of law unsuccessfully made in a former suit do not estop" and in this connection it is significant to note that in a later case, Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489, Justice St. Paul, speaking for the court, had this to say:

"In Farley v. Frost-Johnson Lumber Co., supra, it is said that article 2291, R.C.C., is an exact translation of article 1356, Code Napoléon, which has been given the same interpretation by the Court of Cassation.

"And the expression of Mr. Justice Provosty in that case, that 'allegations of law *unsuccessfully* made in a former suit do not estop,' is only the complement of the counter proposition that matter of law successfully urged in a former suit between the same parties does estop, i. e., does constitute the rule of law between them in any future litigation; or, as the Prætor has expressed it, 'Quod quisque juris in alterum statuerit, ut ipse eodem jure utatur' (rubric to title 2, book 2 of the digest); i. e., Let every one be required to observe the law which he has applied, or cause to be applied, to another. For, as Ulpian says (L. 1, eodem), 'Nam quis aspernabitur idem jus sibi dici quod ipse aliis dixit, vel dici efficit?' i. e., Who would spurn for himself the same law which he has laid down, or cause to be laid down for another? But unless such rule of law be actually established—i. e., *successfully* urged, not merely pleaded—against the other (i. e., 'quod juris quisque statuerit in alterum'), the rule has no application."

The decision then goes on to state that the defendant in the suit before the court, who had urged the same defense, not against the same plaintiffs but against others, in a former suit, and had therein been *unsuccessful*, could not invoke the rule. In other words, there was no estoppel.

■ In the present case, the plaintiffs are the same as in the former suit and the defendant was one of the defendants therein. As between these parties in that suit, there arose the legal implication, from the petition of these plaintiffs, that the debt therein sued on was a community debt, which formed the basis of her defense to the action in so far as she was concerned. In that defense, on a matter of law, she was successful. If therefore, as stated by the Supreme Court in the case of Tircuit v. Burton-Swartz Cypress Co., supra, the expression in the former case of Farley v. Frost-Johnson Lumber Co., supra, "that 'allegations of law unsuccessfully made in a former suit do not estop,' is only the complement of the counter proposition that matter of law successfully urged in a former suit between the same parties does estop," then the plea was properly urged in this case and should have been sustained, from which it follows that the ruling thereon in the lower court was incorrect.

Adopting the view which we take on the plea of estoppel as the correct one, the suit could be disposed of on that plea, in which event it would be unnecessary for us to consider the exception of no cause and right of action which was also overruled by the district judge. Should there be any reason to doubt the correctness of our interpretation of the language of the Supreme Court in the case of Tircuit v. Burton-Swartz Cypress Company, 162 La. 319, 110 So. 489, however, and its application to the present case on the plea as urged herein, so convinced do we find ourselves' that the exception of no cause or right of action was also improperly overruled in the district court, that we will pass on to a consideration of that exception and dispose of it also.

This exception, we find, is based on the variance which is shown to exist between the allegations of the petition concerning an itemized statement of lumber and building materials alleged to have been sold to the defendant, and the document annexed to the said petition itself, and which document, it is conceded by all, is controlling.

The district judge noted the variance and conceded that in a case where the annexed document was the foundation of the cause of action and it was at variance, it controlled the allegations of the petition which it contradicted. He held that here however, the foundation of the cause of action was to be found in the purchases as alleged to have been made in the petition, and not in the document thereto annexed, which he stated constituted mere evidence of those purchases.

In this reasoning we find ourselves unable to agree with the learned district judge.

■ The suit is essentially one on open account. The cause of action is predicated entirely on that paragraph of the petition wherein plaintiffs aver that between certain dates, the defendant purchased from them certain lumber for a certain amount, and which lumber they delivered to her. The paragraph closes with this sentence: "An itemized statement of said lumber and building materials is hereto annexed and *made part of this petition.*" (Italics ours). By this averment, this itemized statement stands as though written and incorporated in the petition. It is as much the cause of action as is the allegation of the petition itself. It is in fact more so because it is conceded that if the allegation of the petition be in conflict with it, it controls the allegation. In W. T. Rawleigh Co. v. Thrasher (La.App.) 153 So. 719, it was held that even when an itemized account is filed in answer to a prayer for oyer, it becomes part of the pleadings and controls the allegations of the petition. How much the more must it be a part and how much the more must it control the allegations when a plaintiff annexes it to his petition voluntarily and makes it a part thereof. It passes beyond the stage of an exhibit or of "mere evidence" and becomes the controlling factor to be considered in disposing of an exception of no cause of action.

■ In this case, had the plaintiffs, in annexing the itemized statement, alleged that in some respect it did not represent the true and real condition regarding the account or the true facts concerning the sale and delivery of the lumber and material and the credits therein given, in other words, had they instead of making the itemized statement part of their petition, made some allegation explaining the discrepancy between it and the allegation about the sales as made in the petition, they no doubt would

have shown a cause of action. But the annexed statement shows on its face an account with "Mr. E. H. Joiner" who "bought of H. J. Smith's Sons" certain lumber and material amounting to $447.28, on which he is given credits amounting to $155.10. Purchases made by Mr. Joiner, the husband, would of course create a debt against the community. This, as we have seen, is in direct conflict with the allegation of the petition that the sales of this lumber and material were made to Mrs. Eva T. Joiner for her own separate account. Under the rule of law which is conceded by all, that in such a situation the statement and contents of the annexed document prevail over the allegations of the petition, we are convinced that the exception of no cause of action was properly urged and it should have been sustained.

Sustaining the exception of no cause of action necessarily leads to a reversal of the judgment appealed from and a dismissal of plaintiff's suit.

For the reasons stated, it is therefore ordered, adjudged and decreed that the judgment herein appealed from be and the same is hereby set aside, annulled, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the defendant and against the plaintiffs, sustaining the exception of no cause of action and dismissing the suit of the plaintiffs, at their costs.