On Rehearing
HAMLIN, Justice.
A rehearing was granted in this matter in order that we might consider the correctness of our judgment holding that, even where no solidary liability exists between an insurer and an insured, prescription is interrupted as to the insurer where a suit is filed against the insured within the prescriptive period. In our original opinion we stated, “ * * * even though there exists no solidary liability, the filing of a suit interrupts prescription as to one not impleaded originally when he is affected by the cause of action involved, is closely associated with the named and cited defendant, and is fully informed of the claim and the suit thereon.”
The pertinent facts leading up to the instant controversy were set forth in our original opinion herein, we shall restrict ourselves to a chronological reiteration.
On May 24, 1948, plaintiff’s son, a hitchhiker, was killed in an automobile accident which occurred when the driver of the car in which he was riding failed to negotiate a turn and ran off of the highway into a borrow pit. Ernest Clements, the driver, had borrowed the car from Mud Supply Company, Inc. and was not engaged in the business of the owner at the time of the accident.
The instant suit was filed against Mud Supply Company, Inc. on May 23, 1949. It was an action for damages in which Ethel Bowling Martin, plaintiff, alleged that the negligence of Clements, an employee of Mud Supply Company, Inc., caused the accident in which her son, Jimmie Robert Bowling, was killed. She stated that the defendant was covered by liability insurance but that she had been unable to secure the name of the company carrying the insurance. She annexed Interrogatories on Facts and Articles, in which she demanded the name of the liability carrier.
On July 8, 1949, the defendant answered, setting forth the name of its insurer. Categorical answers to the interrogatories, in which the name of the liability carrier wa« again set forth, were filed on November 26, 1949.
Trial commenced on May 2, 1951, and was then continued.
On October 8, 1951, plaintiff filed an amended and supplemental petition. After reiterating and reaffirming all of the allegations contained in her original petition, she alleged that the automobile involved in the *635 accident was insured at the time of the accident by the Houston Fire and Casualty Insurance Company. She further alleged that the covering policy contained clauses to the effect that even though said automobile was not being used for and on behalf of Mud Supply Company, Inc. or within the course and scope of the driver’s employment with Mud Supply Co., Inc., that, nevertheless, the insurance policy covered an accident where the car was being used with the knowledge and permission of the insured, Mud Supply Co., Inc., its agents and employees. She prayed for an in solido judgment against Mud Supply Company, Inc. and Houston Fire and Casualty Insurance Company.
On November 13, 1951, Houston Fire and Casualty Insurance Company filed a plea of prescription, averring that plaintiff’s claim had prescribed by the lapse of one year.[1] On the same day, Mud Supply Company, Inc. excepted to the supplemental petition, contending that plaintiff had set forth a new cause of action by invoking protection of the “Omnibus Clause” set forth in its liability policy.
The trial court sustained the plea of prescription field by Flouston Fire and Casualty Insurance Company; the Court of Appeal,[2] Parish of Orleans, affirmed the judgment of the trial court. Both courts rejected the demands of plaintiff against Mud Supply Company, Inc. We granted certiorari limited to plaintiff’s claim against the insurance company on its plea of prescription. On original hearing, we reversed the judgments of the district court and the Court of Appeal.
We previously agreed, and still agree, with the finding of the Court of Appeal that under the facts of this case no solidary liability existed between Mud Supply Company, Inc.. (Clements was not an employee of Mud Supply Company and was only driving the car with the consent of the owner) and Flouston Fire and Casualty Insurance Company, and that, therefore, plaintiff could not recover damages from the insurer under the respondeat superior theory.
Posed for our determination on this rehearing is the question of whether prescription was interrupted as to the insurer merely by the facts that it was closely associated with the defendant, that it had knowledge of the instant suit which was filed on May 23, 1949 (one day before the right of action expired), and that such suit was filed against Mud Supply Company, Inc. before the lapse of one year from the time of the accident.
Plaintiff contends that LSA-R.S. 9:5801, which recites:
“The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of *637 action therein sued upon, against all defendants, including minors and interdicts,” (emphasis ours),
means that all prescriptions are interrupted against all defendants. In brief she states:
“ * * * It follows then that the prescription was interrupted as to Mud Supply Company and also its liability insurer, who was sought to be made a defendant, by the filing of the original petition. If it were then interrupted, it could not again begin to run until a final disposition of the litigation. * ifc * »
An examination of the statute, supra, clearly reflects that in order for prescription to be interrupted as to a party affected by a cause of action, such party must be named as a party defendant. Here, Houston Fire and Casualty Insurance Company was not named a defendant in the original petition filed by plaintiff. It follows that LSA-R.S. 9:5801 is not applicable to the present matter and can afford plaintiff no relief.
Liberative prescription is that form of prescription which releases one under certain conditions from the payment of a debt alleged to be owed by him.[3] This type of prescription was thoroughly explained in the case of Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 925, 928, certiorari denied, 296 U.S. 656, 56 S.Ct. 381, 80 L.Ed. 467, as follows:
“ * * * Under the law of Louisiana prescription does not run against one who is ignorant of his rights, provided the party pleading it has been guilty of fraud that contributes to the want of knowledge on the part of plaintiff. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598. But in the absence of fraud, prescription runs against all persons, unless exempted by some provision of the statute. Plaintiffs are not protected by any statutory exemption. In Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175, it was said that those who claim exemption from prescription by reason of ignorance resulting from fraud must allege and show that such ignorance was neither willful nor negligent; and again, in Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714, it was said that mere passivity cannot arrest the course of prescription, good faith not being required on the part of the person pleading prescription. La. Civil Code, art. 3550.
“The above-cited decisions of the Supreme Court of Louisiana are in line *639 with the general jurisprudence of the country. Statutes of limitation are founded on public policy and are favored in the law. Mere ignorance of one’s rights will not toll the statute of limitations. Concealment by defendant only by silence is not enough. He must be guilty of some trick or contrivance tending to exclude suspicion and prevent inquiry. There must be reasonable diligence on the part of plaintiff and the means of knowledge are1 the same in effect as knowledge itself. * * * We know of no decision, either of controlling authority or persuasive, holding that mere ignorance on the part of the creditor will toll the statute.”
Our research has not revealed any jurisprudence which holds that knowledge alone of the filing of a suit against a closely associated person or company constitutes an interruption of prescription as to one not cited within a prescriptive period.
“Citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. Civil Code, Art. 3518. Actual notice will not suffice. Agnelly v. Goodheit, 6 La. App. 121.” Achord v. Holmes, La. App., 34 So.2d 807, 808.
“One of the well known rules relative to prescription is, that it becomes interrupted, when the party in favor of whom the time necessary to acquire it is running, has been cited to appear before a court of justice, on account of the right or claim to which the prescription would apply. This is called a ‘legal interruption,’ and it matters not whether the suit has been brought before a court of competent jurisdiction, or not. Civil Code, arts. 3482, 3484, and 3516. It is, therefore, necessary that the party should be cited; and it cannot be controverted, that any other means of knowledge of the proceedings instituted against him, brought home to the party against whom the prescription is sought to be legally interrupted, would not be sufficient to operate as a legal interruption in the true sense of the law. * * * ” Hill v. Barlow, 6 Rob. 142.
The evidence of record conclusively shows that Houston Fire and Casualty Insurance Company had knowledge of the filing of plaintiff’s suit, but this fact, as shown by the jurisprudence, supra, had no effect upon the tolling of liberative prescription in favor of the liability insurance carrier where it was not named as a party defendant within the one-year prescriptive period. Here, there was no fraud nor concealment of information by Houston Fire and Casualty Insurance Company; such fact was conceded by counsel for plaintiff.
*641 A further study of the cases relied upon in our original opinion reflects that they can he differentiated from the instant matter.
In Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225, plaintiff cited an incorrect insurer. This Court held that because of the peculiar facts of the case, such citation was sufficient to interrupt prescription. The following syllabus correctly states the ruling of the case:
“Where three insurance companies were doing business as a group under the title ‘The Employers’ Group of Boston, Mass.’, letterheads of which bore the names of all three companies, having the same office for their claim department, the same telephone, same manager and same employees in that department, the filing of suit against one of the companies under mistaken belief it was insurer under policy covering automobile causing injury, after plaintiff’s attorney had been led to believe by letter from manager of claim department that the company sued was the company which had issued the policy, was sufficient to interrupt the one-year period of prescription against the company which had issued the policy. Act No. 39 of 1932.”
Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, also involved a question of incorrect citation. The proper defendant, who was cited after the prescriptive period, operated from the same office, had the same management, and in some instances had the same employees as the improper defendant who had been cited within the prescriptive period. This Court held that citation, though insufficient to support a judgment, interrupts prescription if it notifies defendant of the grounds of plaintiff’s claim and that plaintiff is asserting such claim.
The instant case does not involve a question of incorrect citation; there was no citation until after the prescriptive period. Plaintiff did not avail herself of the provisions of Act 371 of 1940, LSA-R.S. 22:1522, which were available to her. In the Jackson case, supra, we remarked that, “Act 371 of 1940 requires the Casualty and Surety Rating Commission to furnish to any claimant or to the attorney for any claimant, upon his request being made at any reasonable time, the name of the employer’s insurer or insurers in compensation matters, or the name of the insurer with regard to personal injury claims. * * * ” See, Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53.
Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173, is not apposite. There, we held that citation against an agent interrupted prescription against the principal.
In Andrepont v. Ochsner, La.App., 84 So.2d 63, 68, the factual situation differed from that of the instant matter. Dr. Alton Ochsner was sued for damages alleged to *643 have resulted from injury to a patient during the course of an operation. After the lapse of a year, Alton Ochsner Medical Foundation and its public liability insurer, Aetna Casualty & Surety Co., were named as defendants in a supplemental and amended petition. The Court of Appeal, Parish of Orleans, held that the plea of prescription filed by Aetna Casualty & Surety Company could not be maintained. It stated:
“Due to the peculiar circumstances which exist in the instant case, which bear a closeness in resemblance to those existing in many of the cited cases, we think that suit having been brought within the year against Dr. Ochsner had the legal effect of interrupting the one-year prescription as against Alton Ochsner Medical Foundation and its insurer, Aetna Casualty & Surety Company, followed by a suspension of prescription against both during the pendency of the suit. * * ”
In the foregoing case, the Court of Appeal was of the opinion that notwithstanding the fact that the suit was directed against Dr. Alton Ochsner in an individual capacity, nevertheless, he, in the capacity of President of Alton Ochsner Medical Foundation, which owned and conducted Foundation Hospital, was fully apprised of the plaintiff’s demand for $50,000 as well as the nature of the demand. The court, however, was careful to state:
“Thus it appears that all of the cases seem to be based on the theory that the knowledge of the demand, its origin, and basis, are imparted to the defendant even though the original suit was brought against the wrong defendant or against the defendant in an improper capacity, and even when brought by an improper plaintiff. So long as the proper person has been apprised of the demand in any legal capacity, prescription is interrupted.” (Emphasis ours.)
Herein, the insurer was not apprised of the instant suit in a legal manner until after the prescriptive period had lapsed; there are no exceptional or peculiar circumstances which would operate in favor of plaintiff. Since there was no solidary liability between the assured and its liability carrier, it cannot be said that the suit filed against Mud Supply Company, Inc. was a suit filed against a wrong party and that such filing within the prescriptive period interrupted the running of prescription as to Houston Fire and Casualty Insurance Company.
In its application for rehearing, Houston Fire and Casualty Insurance Company urges that this Court was in error in holding that the filing of suit based on one cause of action interrupts prescription with respect to an entirely different and unrelated cause of action pleaded by amended petition.
*645 Plaintiff contends that her supplemental petition (filed some 27 months after the filing of the original petition), in which she named Houston Fire and Casualty Insurance Company as a party defendant and invoked the protection of the omnibus clause of the instant policy, did not change her cause of action. She avers that her cause of action was always one in tort in which she claimed damages resulting from the negligence of the tort-feasor. She still further urges that her amended petition joining the insurer could not be defeated by a plea of prescription. Liberative prescription had run as to Houston Fire and Casualty Insurance Company on May 25, 1949. Because of our findings, supra, we do not think that it is necessary for us to decide whether plaintiff’s supplemental petition amended her original petition or changed her cause of action. Cf. Bowerman v. Pacific Mut. Ins. Co., 212 La. 1000, 34 So.2d 53.
For the reasons assigned, the decree rendered by this Court on the original hearing of this case having been set aside by the granting of a rehearing, the judgments rendered by the trial court and the Court of Appeal, Parish of Orleans, maintaining the plea of prescription herein filed, are affirmed. All costs are to be paid by plaintiff relator.

. LSA-Oivil Code, Article 3536.

. 111 So.2d 375.

. “Good faith not being required on the part'of the person pleading this prescription, the creditor can not compel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject.” LSA-C.C., Art. 3550.