Plaintiff appeals from a judgment of the district court which sustained a plea of prescription and dismissed his suit.
The cause of action is based on a tort which is alleged to have been committed on June 30, 1945. In the petition it is alleged that on that day, at about twelve o'clock, Chester A. Achord, Jr., was driving a 1941 Nash Sedan automobile, which belonged to the plaintiff, when it was struck with great force and severely damaged by a motorcycle which was being operated by Carl Holmes, the unemancipated minor son of the defendant W.M. Holmes, the collision having taken place at the junction of Scenic Highway and Wyandotte Street, north of the city limits of the city of Baton Rouge. The demand is for the sum of $400, the damage done to the Nash automobile.
The present suit was filed on July 30, 1947 and domiciliary service made on the defendant on the same day. It would appear therefore that it was more than two years since the date of the accident when this suit was filed and service of citation made, but in order to get around the delay and save his demand from the effect of the one year prescriptive period, plaintiff alleges that at the time the accident was investigated, defendant's minor son gave his name to the representative of the State Police as "Carl Thomas" of 1127 St. Joseph St., Baton Rouge, Louisiana, but at that time he failed to give the name of his father It might be added here that plaintiff does not allege that the young man was asked who his father was.
Plaintiff then sets out that several directories to which he had access showed that the premises at which the address was given, were occupied by one J.M. Holmes and accordingly on July 25, 1945, a letter was addressed on his behalf to J.M. Holmes residing at that address making demand on him for damages sustained in the collision. He alleges that no reply ever was made to that letter and on June 27, 1946, acting on the belief that John M. Holmes of 1127 St. Joseph St., Baton Rouge, Louisiana, was the father of the minor Carl Holmes, he caused a suit to be filed against the said John M. Holmes being suit No. 24981 of the docket of the district court of East Baton Rouge Parish.
He then alleges upon information and belief, that the defendant herein, W.M. Holmes, was residing at the address 1127 St. Joseph Street for the reason that the return to the citation in the former suit showed that domiciliary service had been made at that same address by handing the citation to Mrs. M.L. Holmes. He avers further on information and belief that the said Mrs. M.L. Holmes to whom the petition and citation in the former suit was given, is the mother of the defendant, W.M. Holmes; that the defendant herein, as well as the minor Carl Holmes, all reside together at that address; that W.M. Holmes had notice of the filing of the suit on June 28, 1946 and therefore the prescription applicable in such cases was interrupted by the filing of that suit.
The trial judge did not assign written reasons for the judgment rendered by him.
[1, 2] Citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. Civil Code, Art. 3518. Actual notice will not suffice, Agnelly v. Goodheit, 6 La. App. 121. In this case plaintiff's allegation that the defendant, W.M. Holmes, had notice of the filing of the suit on June 28, 1946, is more or less an assumption on his part arising from the fact that he, John M. Holmes, the party made defendant in the first suit filed and Mrs. M.L. Holmes, the party to whom the citation in that suit was handed, were all members of the same household. Conceding however that the matter of the filing of that suit was brought to his attention, it only gave him actual notice and that, we have seen, is not sufficient. The judicial *Page 809 
notice required had been given to John M. Holmes, an entirely different person, and it could not serve to interrupt prescription against him. With respect to the facts as represented by the plaintiff's petition the case is very similar to that of Agnelly v. Goodheit, supra, the ruling in which however, counsel contend cannot stand in view of recent decisions of the Supreme Court.
We cannot agree with counsel on this point. The cases he cites were suits directed against, corporations and in each, because of the peculiar facts existing, it was held that the citation, as addressed, was sufficient to constitute notice to the real defendant against whom demand was being made. For instance, in Jackson v. American Employers' Insurance Company,202 La. 23, 11 So.2d 225, it was shown that the real defendant insurance corporation was one of a group of insurance companies doing business under a group title, the group maintained only one claim office in the city of New Orleans from which all correspondence emanated and because of the method under which they conducted the business, the attorney representing the plaintiff in the suit had been led to believe that his client's claim had been made on the company which had issued the policy of insurance. Because of these facts it was held that the original suit, though brought against the insurance company, had the effect of interrupting prescription.
Lunkin v. Triangle Farms, Inc., 203 La. 538, 23 So.2d 209, is a case in which the Supreme Court reversed a judgment of this court which had sustained a plea of prescription in a workmen's compensation suit. The name of the corporation the suit was filed against bore no similarity to that of the corporation by which the plaintiff was employed and which was the real defendant to be sued. From the facts adduced it developed that both corporations operated under the same management, used a common office and in many instances employed the same personnel and the court held that by service in the original suit, made on the general manager, the later was notified of the claim and that it was being asserted by the plaintiff.
Bowerman v. Pacific Mutual Ins. Co., La. Sup., 34 So.2d 53, 55, is the latest decision on the point involved. It also is a workmen's compensation suit which was originally directed against the Pacific Mutual Insurance Company, which it developed from certain correspondence, after service had been made through the office of the Secretary of State, was not the compensation insurance carrier of the corporation for which the alleged injured employee was working. Upon ascertaining that it was the Pacific Employers' Insurance Company that carried the insurance, plaintiff sought, by supplemental and amended petition, to bring in that corporation as defendant in the suit. This however, was not done until more than a year after the date of plaintiff's alleged injury. Notwithstanding the fact that this court had overruled the plea of prescription that had been urged on the ground that by the terms of Act No. 39 of 1932, the filing of the suit in a court of competent jurisdiction, with a cause of action set out, had had the effect of interrupting prescription, the Supreme Court held that that was not so for the reason that the true insurer had not been named as the defendant in the original petition. The court stated that "since the prescriptive period had expired without the filing of a suit against the true insurer, and since there was no proof that the insurer had notice or actual knowledge that plaintiff was asserting his claim by instituting suit within the prescriptive period, the plea of prescription is valid."
For that same reason we hold in the instant case that as two years had passed since the commission of the tort complained of without the filing of a suit against the real defendant, the father of the minor who is alleged to have committed the tort, and since we know that he never had judicial notice of the demand that is now being made against him, and there is at most only an assumption that he had actual notice, the plea of prescription is valid and it was properly sustained by the trial judge.
Judgment affirmed at the costs of the plaintiff, appellant herein.
ELLIS, J., absent. *Page 810