GAUDIN, Judge.
Is Louisiana’s one-year tort prescription interrupted by the filing of a suit in federal court and the attempt to have service made pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii)?
Jerry A. Breaux was injured on January 11, 1984 and he filed suit in the United States District Court, Eastern District of Louisiana, on December 3, 1984. According to the above cited federal procedural rule, a copy of the pleading, along with a form entitled “Notice and Acknowledgement of Receipt of Summons and Complaint,” was allegedly mailed to defendants Eymard and Sons Shipyard, Inc., Nolan Vicknair and Eymard Machine Shop, Inc. on January 3, 1985. These defendants did not acknowledge receipt of the form and/or complaint and they were not properly served at any time later although they subsequently filed answers, Vicknair on February 11,1985, Eymard and Sons Shipyard on March 13, 1985 and Eymard Machine Shop on June 27, 1985.
On August 12, 1985, Breaux filed the instant suit[1] in the 24th Judicial District Court, Parish of Jefferson, alleging the same injuries. Subsequently, Breaux filed a supplemental and amended petition naming St. Paul Fire and Marine Insurance Company as an additional defendant. This was filed November 14, 1985.
St. Paul excepted, citing prescription, and this motion was sustained. Breaux, on appeal to this Court, argues that the alleged mailing of the federal complaint had interrupted prescription. The trial judge did not agree, nor do we. For the following reasons, we affirm the judgment dismissing St. Paul as a party defendant.
Federal Rule of Civil Procedure 4(c)(2)(C)(ii) states in pertinent part:
“(C) A summons and complaint may be served upon a defendant ...
“(ii) By mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18-A and a return envelope, postage prepaid; addressed to the sender ...”
This is, of course, the convenient and cost-free method of instituting the proceed *126 ings. The effectiveness of this procedure depends on an appropriate response by the designated defendant or defendants. The form advises a defendant that the penalty for failure to sign, date and return the form is that he, she or it may be required to pay the expenses of service in some other manner.
The federal rule goes on to state that: “If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subpara-graph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).”
Otherwise stated, if a defendant fails to file an acknowledgement, the complainant must then effect a regular, traditional service of process.
In Louisiana, LSA-C.C. art. 3462 governs the interruption of prescription. It reads as follows:
“Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”
Breaux’s federal court suit was dismissed on September 11, 1985 for lack of subject matter jurisdiction. Thus, with regard to the later state court action, prescription would have been interrupted only by service on a federal suit defendant within the one-year tort prescriptive period. The trial judge in state court ruled that the mere mailing of the federal complaints did not constitute valid service and it is this holding that we herein affirm.
If the subject federal rule had been complied with, i.e., had the defendants acknowledged receipt of the complaints before the one-year prescription set in, service would have been legal and valid and would have, according to Art. 3462, interrupted prescription. But the federal complaints were not allegedly mailed until January 3, 1985 and the record does not indicate precisely when the complaints were actually received.
The named defendants did not object to the sufficiency of service in the federal lawsuit. Arguably they were notified, as they did eventually file answers. Failure to object to the sufficiency of service in the federal action, however, would not preclude St. Paul’s exception in the state court.
This particular issue apparently has not until now been litigated at the appellate level in this state. The United States Court of Appeals for the Fifth Circuit, in Delta Steamship Lines, Inc. v. Albano, 768 F.2d 728 (5th Cir.1985), held that a certified mailing (rather than a first-class mailing) neither conformed to Texas state law nor to the federal rules and consequently was invalid. In Delta, the court said:
“The provisions of Rule 4(c)(2)(C)(ii), the apparent product of careful drafting, are detailed and specific. The legislative history of the 1983 amendments to Rule 4, which include the language at issue, suggests that this precise method of service by mail was designed not only to provide a means for establishing proof of service as required by Rule 4(g), but also to establish personal jurisdiction ex pro-prio vigore and in a manner consonant with the strictures of due process. We find in the legislative history the observation that when the exact mailing requirements of subsection (C)(ii) are followed, both in personam jurisdiction and service of process will be established. See [1982] 4 U.S.Code Cong. & Ad.News 4440; see also 28 U.S.C.A. R. 4, Commentary C4-19, at 36 (Supp.1985) (noting that if defendant makes the return contemplated by (C)(ii), “the acknowledgment acts as the plaintiff’s proof of service under Rule 4(g) and the case is underway”); id. at 35 (noting that defendant’s return of the receipt is an acknowledgment sufficient to establish jurisdiction, obviating the need for an official process server).
*127 “We conclude that Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving in personam jurisdiction as well as service of process and that the defendant’s return and acknowledgment are an essential part of that procedure. It necessarily follows that the requirements of Rule 4(c)(2)(C)(ii) must be fully satisfied if the benefits of the Rule are claimed. Consistent therewith, a more general state mail-service procedure may not be considered the effective equivalent of this subsection. Only careful compliance with 4(c)(2)(C)(ii) will suffice.
“The service of process attempted by Delta accords with neither state nor federal service requirements. The service on Albano was insufficient.”
In the instant case before us, one of the primary requirements (perhaps the primary requirement) of the federal rule was not satisfied. There was no return and ac-knowledgement within 20 days. If personal jurisdiction was ever procedurally established, it was not until the defendants filed answers, on February 11, March 13 and June 27,1985, all beyond the one-year prescriptive period.
Breaux, in attempting to show that prescription was interrupted by the mailings, cites a series of Louisiana cases[2] holding that a citation or service, no matter how informal or insufficient, nevertheless notifies a defendant of the demands being made and generally sufficed to interrupt prescription.
Here, however, although Breaux argues to the contrary, the record does not indicate that the defendants actually received the complaints before prescription set in. Even if the mailings had been received before January 11, 1986, and there is no proof that they were, this would not have constituted valid service under state law and would not have complied with Federal Rule 4(c)(2)(C)(ii) in the absence of a return and acknowledgement within the specified 20-day period.
The district court judgment sustaining the exception of prescription is affirmed, with Breaux to bear costs of this appeal.
AFFIRMED.
BOWES, J., dissents and assigns reasons.

. Jerry A. Breaux v. Nolan Vicknair and Eymard Machine Shop, Inc., No. 315-178, 24th Judicial District Court, Division "K”.

. Including Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974), and Vernon v. Illinois Central Railroad Co., 154 La. 370, 97 So. 493 (1922).