507 So.2d 1242 (1987)
Jerry A. BREAUX
v.
Nolan VICKNAIR, Eymard Machine Shop, Inc. and the St. Paul Fire and Marine Insurance Company.
No. 87-C-0886.
Supreme Court of Louisiana.
June 5, 1987.
*1243 Michael Springman, Metairie, for American Ins. Co.
Harry Hoskins, New Orleans, for Nolan Vicknair.
Charles Branton, Randolph Waits, New Orleans, for St. Paul Fire & Marine Ins. Co.
Antonio Papale, Metairie, for Eymard Machine Shop, Inc.
Prior report: 506 So.2d 124.
PER CURIAM.
GRANTED.
After an accident on January 11, 1984, suit was timely filed in federal court on December 3, 1984. Prior to dismissal of the federal suit for lack of subject matter jurisdiction, a second suit was filed in state court. In the state court suit, defendants, Nolan Vicknair and St. Paul Fire and Marine Insurance Company, filed a peremptory exception of prescription on the ground that defendants never acknowledged service of process in federal court, as required by the federal rules. The exception was sustained and affirmed.[1]
A signed return receipt shows that Nolan Vicknair received the federal court pleadings on January 11, 1985. All three defendants filed answers to the federal court suit and undertook discovery without excepting to the service.
Under LSA-C.C. art. 3462, an action commenced in an incompetent court interrupts prescription as to a defendant served by process within the prescriptive period. Even if process is defective and subject to exception, it interrupts prescription if it is sufficient to inform the persons served of the legal demands made upon them. Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.,1974).
Although defendants failed to acknowledge service under the technical requirements of the federal rules,[2] they received notice of the proceedings against them and answered the suit without exception to the service. If the case were in the Louisiana courts, they could not now object to sufficiency of the service. LSA-C.C.P. art. 925.
For the foregoing reasons, the writ is granted and made peremptory; the exception of prescription is overruled; and, the matter is remanded for trial on the merits.
REVERSED AND REMANDED.
NOTES
[1] Breaux v. Vicknair, 506 So.2d 124 (La.App. 5 Cir.1987).
[2] Rule 4(c)(2)(C)(ii).