813 So.2d 614 (2002)
Michael BRISTER
v.
GEICO INSURANCE and Keith L. Ward.
No. 2001 CA 0179.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*615 John B. Wells, Slidell, for Plaintiff-Appellant Michael Brister.
David J. Knight, New Orleans, for Defendant-Appellee GEICO Insurance.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
PARRO, J.
Michael Brister appeals a trial court judgment that sustained a peremptory exception raising the objection of prescription and dismissed his claims against GEICO Insurance (GEICO).[2] We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[3]
Brister was injured in an automobile accident that occurred on September 3, 1998. The driver of the other vehicle was insured by GEICO. Brister contacted an attorney, Keith Ward, to represent him in this matter, but did not sign any contract or other representation agreement. Ward did not respond to his telephone calls, so Brister tried to discuss settlement directly with GEICO. However, GEICO's adjuster would not discuss the case with Brister. On March 26, 1999, Ward settled Brister's claim against the tortfeasor and GEICO for $5,750 and forged Brister's endorsement to the GEICO settlement check. The settlement was confected without Brister's knowledge or authority. During September 1999, after Brister's personal injury claims against the tortfeasor and GEICO had prescribed, Ward remitted to Brister three payments from the settlement proceeds totaling $2,333.43.
On May 17, 2000, Brister filed suit against Ward and GEICO, seeking recovery of unearned attorney fees in the amount of $1,916.57 from Ward and seeking an award against Ward and GEICO, in solido, for injuries sustained in the accident to the extent that his actual damages exceeded the settlement amount and for emotional distress, trauma, humiliation, and mental anguish suffered as a result of Ward and GEICO's actions in the unauthorized settlement of his claims. In his petition, Brister acknowledged that his underlying claim against the tortfeasor and GEICO for injuries suffered in the accident prescribed on September 2, 1999. Brister alleged that GEICO owed him a duty to negotiate in good faith in settling his claim and that it knew or should have known that Ward was not representing him when it settled the claim.
GEICO responded by filing a peremptory exception raising the objection of prescription. GEICO maintains that its actions did not prevent Brister from timely filing his suit relative to any injuries he may have sustained in the September 3, 1998 accident. The trial court agreed. Furthermore, the court found that any cause of action against GEICO that Brister may have had arising out of Ward and GEICO's improper settlement of his claim had prescribed one year from the settlement date of March 26, 1999. Therefore, *616 the trial court sustained GEICO's exception raising the objection of prescription. The judgment dismissing GEICO from this action was certified as a partial final judgment.
Brister appeals, contending the trial court erred in sustaining the exception and requesting an opportunity to amend his petition.[4] This contention is based on the assertion that the doctrine of contra non valentem prevented the running of prescription on the cause of action relating to the improper settlement until Brister discovered that the settlement had taken place. Brister also argues that the trial court should not have dismissed his case, but should have allowed him an opportunity to amend his petition to show that his claim against GEICO had not prescribed. GEICO argues that the trial court was correct in finding both claims had prescribed, and further suggests nothing could have been gained by allowing Brister leave to amend his petition, because he has no cause of action against GEICO based on the facts of this case.

ANALYSIS
An objection of prescription is raised by a peremptory exception, which a defendant may raise at any stage of the proceeding in the trial court prior to submission of the case for a decision. LSA-C.C.P. arts. 927 and 928(B). On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492.
If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension of prescription. Krolick v. State ex rel. Dept. of Health and Human Resources, 99-2622 (La.App. 1st Cir.9/22/00), 790 So.2d 21, 24, writ denied, 00-3491 (La.2/9/01), 785 So.2d 829. Contra non valentem is a judicially-created doctrine, which has been applied to prevent the running of prescription in four situations, including the situation where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149 (La.10/16/01), 800 So.2d 762, 769 (per curiam opinion on rehearing).
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, the action shall be dismissed. LSA-C.C.P. art. 934. This is true of any objection raised by the peremptory exception, including prescription and no cause of action. See Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co.-of Texas, 99-1728 (La.App. 1st Cir.9/22/00), 767 So.2d *617 949, 953, writ denied, 00-2887 (La.12/8/00), 776 So.2d 1175.
The record in this case shows that no evidence was introduced at the hearing on the objection of prescription raised by GEICO; therefore, the exception must be evaluated on the basis of Brister's petition. The allegations of Brister's May 17, 2000 petition relating to his claim against GEICO for improper handling of this claim are that he contacted GEICO in an attempt to settle the claim, but the GEICO adjuster refused to talk with him; GEICO and Ward settled the claim on March 26, 1999, without the knowledge or authority of Brister; the settlement amount was for less than his claim was worth; GEICO had a duty to negotiate in good faith to settle his claim; GEICO knew or should have known that Ward did not represent Brister; after his personal injury claim had prescribed, Ward sent Brister several partial payments from the settlement proceeds; and GEICO is liable to Brister for damages due to emotional distress, trauma, humiliation, and mental anguish he allegedly suffered as a result of its actions.
As the trial court noted, suit was filed over a year after the settlement was confected. Therefore it would appear from the face of the petition that any claim for wrongful settlement was prescribed. However, the petition also states Brister had no knowledge of this settlement, and the first date noted in the petition by which he clearly had knowledge of the settlement is mid-September 1999. Brister argues that the logical inference from this is that he did not know about the improper settlement until September.[5] While this may or may not be the logical inference, these statements create sufficient ambiguity on the face of the petition, such that an amendment may have been appropriate, rather than dismissal of the petition.
However, amendment is not appropriate if the grounds of the objection cannot be cured by providing additional information in the petition. In this case, GEICO argues that even if Brister were allowed to amend his petition to state that he did not and could not have become aware of the improper settlement until sometime after May 1999, this fact would not preserve his claim, because he has no cause of action against GEICO. Like the objection of prescription, the objection that a claimant has no cause of action is raised by the peremptory exception. However, although prescription must be specially pleaded, the objection of no cause of action may be noticed by either the trial or appellate court of its own motion. LSA-C.C.P. art. 927. Therefore, we will consider whether there is any set of facts which, if stated in an amended petition, would state a cause of action against GEICO, such that an amendment might cure the insufficiency. When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Livingston Parish Sewer Dist. No. 2, 767 So.2d at 952.
In this case, our analysis of this question begins and ends with the Louisiana Supreme Court's conclusions concerning this issue in Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184. That case focused on the interpretation of Louisiana *618 Revised Statute 22:1220, which states, in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after the receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
In Theriot, the plaintiff had been injured in an automobile accident and eventually brought a claim against the tortfeasors' respective insurers, alleging both insurers had breached their statutory duty to adjust her claim fairly and promptly and to make reasonable efforts to settle the claim. The insurers denied that the statute imposed duties running directly in favor of third-party claimants and alternatively argued that the statute provides a cause of action only for violations of the specific acts listed. Noting that the second sentence of Subsection A, by its own wording, applied to both insureds and "claimants," the court stated:
We have no trouble concluding that the legislature intended to provide a right of action directly in favor of third-party claimants in certain situations when it enacted La. R.S. 22:1220. We are unwilling to suppose that the legislature failed to understand the distinction between "insureds" and "claimants" when it enacted La. R.S. 22:1220. (footnote omitted).
Theriot, 694 So.2d at 188. Based on this conclusion, a third-party claimant such as Brister may have a right of action against GEICO. The question remains as to whether he has a cause of action.
Proceeding to the insurer's alternative argument in Theriot that the cause of action is limited to the violations of the specific acts listed, the court examined the wording of Subsection B of the statute and stated that:
[W]here, as here, the legislature lists specific prohibited acts, and couples that list with a concomitant scienter requirement, those acts and those alone are the intended targets of the damages and penalties provided. The specification that "any one of the following acts" constitutes a breach suggests that other *619 acts do not fall within the parameters of this statute.
Theriot, 694 So.2d at 188. Therefore, at least with reference to any claims under the statute, Brister would have to allege a violation of one of the listed duties. Under the facts of this case, none of those are applicable.
Brister argues, however, that his claim against GEICO is not premised solely on the duties imposed by Louisiana Revised Statute 22:1220, but rests also on broader tort principles embodied in Louisiana Civil Code article 2315. However, the Theriot court addressed these traditional concepts also, stating that before the enactment of this statute:
Our courts had never awarded damages or penalties for alleged "[bad faith] settlement practices" in favor of third-party claimants against insurers under statutory law or under general tort or contract principles. (citations omitted).
Theriot, 694 So.2d at 188-89. Explaining further, the court said:
The relationship between the insurer and third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that reason, a cause of action directly in favor of a third-party claimant against a tort-feasor's insurer is not generally recognized absent statutory creation. (footnote omitted).
Theriot, 694 So.2d at 193.
Brister has not pointed out to this court, nor has our research disclosed, any other statutory provisions that would create a cause of action directly in his favor against GEICO under the facts of this case. Therefore, we conclude that the grounds of the objection of prescription cannot be removed by amendment of the petition, because regardless of when he discovered the improper settlement of his claim, Brister has no cause of action against GEICO as a result of its participation in that settlement. Therefore, the trial court did not err in dismissing his claim.

CONCLUSION
Based on the above reasons, the judgment of the trial court dismissing Brister's claims against GEICO is affirmed. All costs of this appeal are assessed against Brister.
AFFIRMED.
CARTER, C.J., concurs in the results.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The full name of the defendant is Government Employees Insurance Company; the petition names GEICO Insurance, but the defendant's own pleadings simply reference GEICO.
[3] This factual summary is based on allegations in Brister's petition.
[4] Brister acknowledges that his claim against GEICO for damages in excess of the settlement amount is prescribed, since any such damages are attributable to the automobile accident on September 3, 1998.
[5] However, in briefs to this court, he acknowledges that he may have known earlier, but not earlier than May 1999.