CHEHARDY, Judge.
| j>The plaintiffs appeal a judgment that granted exceptions of insufficient service of process and prescription, dismissing their claims against the defendant with prejudice. We reverse and remand.
Francis Thorning and Kim Thorning are the parents and closest survivors of Nicholas P. Thorning, who died as a result of injuries sustained in an automobile accident on Louisiana Highway 45 on July 31, 2003. The Thornings filed suit against the State of Louisiana, through the Department of Transportation and Development (hereafter “DOTD”), alleging the sole and proximate cause of the accident and injuries was DOTD’s negligence with respect to design, construction, maintenance, and inspection of the highway, among other things. The lawsuit was filed on July 30, 2004 and the plaintiffs requested service on Kathleen Blanco, Governor of the State of Louisiana.
On November 22, 2004, DOTD filed a declinatory exception of insufficiency of service. DOTD asserted that service on the governor was improper because the governor is not the appointed person to receive service on behalf of DOTD. On the same date, DOTD filed an answer.
On April 1, 2006, while the exception of insufficiency of service was pending, DOTD filed a peremptory exception of prescription. DOTD asserted that |3the petition was not served until March 9, 2005 and it had prescribed on its face by that date The accident made the basis for the plaintiffs’ claims occurred on July 31, 2003, more than one year before the date of service of the petition.
At the hearing on the exceptions, the plaintiffs were placed in a position of having to argue, in defense of the exception of prescription, that they had not requested service within the period allowed by La. R.S. 13:5107. Plaintiffs alleged they had good cause for the failure to request service on the attorney general within ninety days. They asserted that the State “acted in bad faith to manipulate the interplay of the statutes and engineer the grounds for dismissal,” as follows:
[T]he State took service, never notified the plaintiff that service was improper, and proceeded to ask the plaintiff for two extensions of time, which put the plaintiff outside the 90 days to re-request service.
[[Image here]]
Their exception of insufficiency of service cannot be granted because the grounds for sustaining that objection have been remedied. Regardless, service on the Governor would have been proper under the statutes in question. And the *897 exception of prescription cannot be granted because there’s no dismissal pursuant to 13:5107(D)(2), and their opportunity to seek an involuntary dismissal to then create the grounds for the prescription have been waived.
And, last, failing all other arguments, plaintiff has good cause as to why service was not requested within the 90 days.
The trial court granted both the exceptions and dismissed the plaintiffs’ claims. In written reasons for judgment, the trial court held that service upon the governor was invalid, citing La.R.S. 39:1538(4), and that dismissal of the action against the State was required under La.C.C.P. art. 1672 because service had not been requested within the ninety-day time period prescribed by La.C.C.P. art. 1201. The court stated that the plaintiffs easily could have ascertained the proper agent for service of process under La.R.S. 13:5107, and that they did not show good cause for the delay in proper service.
pFinding that correct service was not accomplished within ninety days of commencement of the action, the trial court maintained the exception of prescription. The plaintiffs appeal.
INSUFFICIENCY OF SERVICE
The plaintiffs assert the trial court erred in granting the exception of improper service. They contend, first, that the governor as the chief executive officer may accept service on behalf of the state; alternatively, they argue that when an exception of improper service is granted, the court is required to give the plaintiff an opportunity to cure the alleged defect.
Citation and service thereof are essential in all civil actions except a few specified types; without them all proceedings are absolutely null. La.C.C.P. 1201(A). In claims against the state prosecuted to recover money damages in tort, “process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.” La.R.S. 39:1538(1), (4).
La.R.S. 13:5107 provides for citation and service in suits against the state as follows, in pertinent part:
A. In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against. [Emphasis added.]
lRIn addition, the statutes governing the Department of Transportation and Development provide, “Service of citation and other process directed to the department shall be made by handing the citation or other process to the secretary or to the undersecretary.” La.R.S. 48:12.
To determine whether service on the governor was proper, we have examined how our state government is organized. The Department of Transportation and Development is part of the executive branch of the state government. La.R.S. 36:4(A)(11). It is not, however, within the office of the governor. Departments and *898 agencies that are within the office of the governor are specifically enumerated in La.R.S. 36:4(B)(1), which also provides that the “powers, duties, functions, and responsibilities” of those designated agencies “are hereby transferred to the office of the governor.” “The governor may allocate within his office the powers, duties, funds, functions, appropriations, response, bilities, and personnel of the agencies within his office, provide for the administration thereof and for the organization of his office.” La.R.S. 36:4(B)(3).
The Department of Transportation and Development, on the other hand, is a separate “body politic and corporate,” by statutory designation. La.R.S. 48:13. The department functions under “the control, management, supervision and direction of the secretar/’ as “provided by Title 36 of the Louisiana Revised Statutes.” La.R.S. 48:13.
With statutory limitations, the department is authorized to perform every act “necessary, convenient or incidental to the exercise of its power and authority, the discharge of its duties, or the performance of its functions.” La.R.S. 48:26. Further, the secretary is the executive officer of the department, La.R.S. 48:51, and “shall exercise all of the functions of the department through the departmental | r,organizations provided for by law and to the extent provided by applicable law. Every lawful act of the secretary performed in his official capacity is the act of the department.” La.R.S. 48:52.
In contrast, the governor is the chief executive officer of the state, and has the power to appoint departmental heads, including the secretary of the Department of Transportation and Development. La. Const. Art. 4 § 5(A), La. Const. Art. 4 § 5(H), and La.R.S. 36:506. However, the laws setting forth the powers of the governor do not give the governor executive power for the twenty departments within the executive branch that are not within the office of the governor. See La.R.S. 36:4.
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exceptions shall order the plaintiff to remove them within the delay allowed by the court. La.C.C.P. art. 932(A). If the plaintiff fails to comply with an order requiring such removal, the action subject to the exception shall be dismissed. La.C.C.P. art. 932(B).
Accordingly, we agree with the trial court that the governor was not the proper person to receive service on behalf of DOTD. However, the granting of the exception of insufficient service was erroneous because the error had been corrected by the time the exception was heard by the trial court. Because the attorney general was served prior to the hearing on the exception of insufficiency of service of process, the deficiency had been cured and the exception should have been dismissed.
^PRESCRIPTION
Unfortunately for plaintiffs, the trial court combined the granting of the exception of insufficiency of service of process with a ruling that the plaintiffs’ action should be dismissed for failure to request service on the proper party within ninety days pursuant to La. R.S. 13:5107. There was, however, no motion before the court requesting involuntary dismissal of the action for failure to request service within ninety days, as required by La. C.C.P. art. 1672(C).
La.R.S. 13:5107 provides in pertinent part:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is *899 named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.[1]
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. [Emphasis added.]
The contradictory motion mentioned in La.R.S. 13:5107 is a motion for involuntary dismissal pursuant to La.C.C.P. art. 1672(C), which provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time | ^prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
In Filson v. Windsor Court Hotel, 04-2893, p. 4 (La.6/29/05), 907 So.2d 723, 726-727, the supreme court examined the requirement to request service within ninety days in detail. The court distinguished the motion for involuntary dismissal under La. C.C.P. art. 1672 from the exception of insufficiency of citation or service:
First, an objection to insufficiency of citation or service of process under La. C.C.P. art. 925 “is properly leveled at the form of the citation” and also “focuses on the person to whom citation is delivered or on the manner in which delivery is made.” When a defendant objects to the failure to request service within 90 days, he is not objecting because the service is “insufficient;” rather, it is either non-existent or it is untimely. Where the objection is based on service outside the 90-day time limit of La. C.C.P. art. 1201(C), La. C.C.P. art. 1672(C) specifically provides that the manner for objecting is by filing a motion for involuntary dismissal. While plaintiffs argue that these statutes conflict and are ambiguous, we disagree. Pursuant to general rules of statutory construction, “where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” Clearly, even if Article 925’s reference to “insufficiency” of citation and service of process could be read generally to apply where service was not timely requested, Articles 1201(C) and 1672(C) are specifi *900 cally directed to eases where service was not requested within 90 days of the commencement of the action, making a motion for involuntary dismissal under 1672(C), and not a declinatory exception, the proper method for objecting to late service. [Citations omitted.]
Thus, pursuant to Filson, the trial court in this case erred in dismissing the action for failure to request service within ninety days, because no motion for involuntary dismissal pursuant to La.C.C.P. art. 1672(C) had been filed. That issue |nwas not properly before the court and the plaintiffs had not been given proper notice of it. See Taylor v. LSU Medical Center, 38,944 (La.App. 2 Cir. 10/14/04), 892 So.2d 581, writ denied, 05-480 (La.5/20/05), 902 So.2d 1049.
Additionally, and more importantly, this Court suspects that the defendant failed to file a motion for involuntary dismissal pursuant to La.C.C.P. art. 1672(C) for a more sinister reason. It is clear that counsel for the state Office of Risk Management received the petition on or before August 19, 2004. It is also clear that the office of the Attorney General received the petition on or before October 15, 2004. Both counsel requested “courtesy” extensions of time within which to file responsive pleadings. Counsel for the plaintiff graciously granted both requests. Counsel for the State, in what appears to be a most calculating fashion, then filed the exception of insufficiency of service of process conveniently after the ninety-day period for service had expired, thereby leading the plaintiff into a trap facilitated by the professional courtesy of plaintiffs counsel.
This Court simply cannot tolerate this manner of ill practice. Counsel for the State manipulated counsel for the plaintiff into granting two courtesy extensions, and then attempted to utilize that courtesy to invoke the fatal provision of La.R.S. 13:5107. We are convinced this deception would have been more easily discovered had the defendant filed the requisite motion for involuntary dismissal pursuant to La.C.C.P. art. 1672; instead, counsel for the defendant attempted to shield the ill practice by filing an exception of prescription based on the plaintiffs apparent failure to serve the proper agency within the requisite prescriptive period of one year. By doing so, the State was able to divert the trial court’s attention from its deceptive conduct, while also depriving the plaintiffs of their ability to prove good cause for failure to serve under La.C.C.P. art 1672 — a fact the |10defendant certainly could not have overcome in a contradictory hearing on this matter.
The plaintiffs contend the trial court erred in granting the exception of prescription because DOTD relied on the plaintiffs’ courtesies in granting informal extensions of time to answer to create a defense that did not previously exist. Further, they argue that that the case has not prescribed because DOTD did not obtain a dismissal pursuant to La.R.S. 13:5107(D)(3) and, therefore, there was an interruption of prescription when suit was filed. •
As discussed in the preceding section of this opinion on insufficiency of service, an exception cannot be substituted for an involuntary motion to dismiss pursuant to La.C.C.P. art. 1672(C). Further, the peremptory exception of prescription is inappropriate to obtain a dismissal based on La.C.C.P. art. 1672(C). See Taylor, supra.
Because the finding of prescription was based on a dismissal that should only have been made upon a proper motion pursuant to La. C.C.P. art. 1672(C), rather than on a declinatory exception, and because the filing of this motion appears calculated to take advantage of the defendant’s deceptive practice in this- case, the trial court *901 erred in granting the exception of prescription.
For the foregoing reasons, the judgment granting the exceptions of insufficiency of service and prescription is reversed. The matter is remanded for further proceedings. The plaintiffs’ costs for this appeal are assessed against the appellee, the State of Louisiana, through the Department of Transportation and Development.

REVERSED AND REMANDED.

DALEY, J., concurs with reasons.

. A written acknowledgement from a defendant of receipt of a petition does not satisfy the requirement of a written waiver unless it expressly states that the defendant waives citation and service thereof. Naquin v. Titan Indem. Co., 2000-1585, p. 9 (La.2/21/01), 779 So.2d 704, 710.