992 So.2d 1050 (2008)
Mona WOODS, Individually and on Behalf of her Minor Son, D.B.W.
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HOSPITALS and Department of Social Services.
No. 2008 CA 0257.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Opinion Granting Rehearing September 9, 2008.
*1051 Ron S. Macaluso, Hammond, LA, for Plaintiff-Appellant, Mona Woods, Individually and on behalf of her minor son, D.B.W.
James D. "Buddy" Caldwell, Attorney General, Douglas G. Swenson, Asst. Attorney General, Baton Rouge, LA, for Defendants-Appellees, La. Dept. of Health & Hospitals and La. Dept. of Social Services.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
Plaintiff, Mona Woods, individually and on behalf of her minor son, D.B.W., appeals a trial court judgment maintaining the peremptory exception raising the objection of prescription, thereby dismissing her claims against the State of Louisiana, Department of Health & Hospitals, and the Louisiana Department of Social Services. For the following reasons, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Mona Woods is the mother of D.B.W., a minor. Ms. Woods alleges that her son is a developmentally disabled minor who suffers from autism, ADHD, and mental retardation. At the age of eleven, the State of Louisiana through the Office of Citizens with Developmental Disabilities placed *1052 D.B.W. at G.B. Cooley Hospital for Retarded Citizens (G.B. Cooley). G.B. Cooley, located in Monroe, Louisiana, is owned by the Ouachita Parish Hospital Service District, which is owned by the Ouachita Parish Police Jury.
Ms. Woods alleges that at all relevant times D.B.W. was in the legal care of, in custody of, and supervised by the State of Louisiana. She alleges that the State of Louisiana (in all of its capacities including the Department of Social Services (DSS) and the Department of Health & Hospitals (DHH)) had a legal duty to place, care, supervise, and protect her child. Notwithstanding, while a resident at G.B. Cooley, D.B.W. was sexually abused by Freddie Staten[1] and was beaten by Christie Jones,[2] both employees of G.B. Cooley. It is further alleged that the child sustained other physical injuries at the hands of G.B. Cooley employees.
On May 31, 2007, plaintiff filed a complaint in the U.S. District Court for the Western District of Louisiana, naming as defendants the State of Louisiana (DHH and DSS), Ouachita Parish Police Jury, G.B. Cooley, Ouachita Parish Hospital Service District, Sharon Gomez, and Freddie Staten. DHH and DSS filed a motion to dismiss the federal court proceeding for lack of jurisdiction on the basis of Eleventh Amendment immunity, which motion was granted by judgment dated September 24, 2007. On August 24, 2007, the instant petition for damages was filed against DHH and DSS in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.
On September 24, 2007, DHH and DSS filed the peremptory exception raising the objection of prescription alleging that the latest date that the one-year prescriptive period began to run was June 8, 2006.[3] DHH and DSS further alleged that the petition on its face showed that prescription had run and that the burden then shifted to plaintiff to demonstrate that prescription was suspended or interrupted. Plaintiff opposed the exception of prescription on three bases: (1) the filing of the suit in federal court, although a court of incompetent jurisdiction, interrupted prescription because defendants were served with a waiver of summons within the prescriptive period; (2) a two-year prescriptive period applies herein under La. C.C. art. 3493.10; and (3) under La. C.C. art. 1799, when suit was properly brought against the defendants named in the federal suit, prescription was interrupted as to all solidary obligors, including exceptors. The trial court entered a judgment, declaring that plaintiffs claim had prescribed. Plaintiff appeals.

PRESCRIPTION
If a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled, because of an interruption or a suspension of prescription. Brister v. GEICO Ins., XXXX-XXXX, p. 4 (La.App. 1st Cir.3/28/02), 813 So.2d 614, 616. On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Brister, XXXX-XXXX at pp. 3-4, 813 So.2d at 616.
Prescription statutes are strictly construed against prescription and in favor *1053 of maintaining the cause of action. Babineaux v. State ex rel. Dept. of Transp. and Development, 2004-2649, p. 4 (La.App. 1 st Cir. 12/22/05), 927 So.2d 1121, 1124. However, prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period. In re Brewer, XXXX-XXXX, p. 4 (La.App. 1st Cir.5/5/06), 934 So.2d 823, 826, writ denied. XXXX-XXXX (La.9/15/06), 936 So.2d 1278.
The claims alleged against DHH and DSS are negligence, gross negligence, and egregious failure to protect D.B.W. and violation of D.B.W.'s constitutionally protected rights resulting in his personal injuries, both physical and mental. Ms. Woods, on her behalf, has also asserted a loss of consortium claim.
Louisiana Civil Code article 3447 provides "[l]iberative prescription is a mode of barring of actions as a result of inaction for a period of time." Louisiana Civil Code article 3492 addresses the prescriptive period for personal injury claims,[4] as follows:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
(Emphasis supplied.)
Plaintiff seeks to establish suspension or interruption of prescription, relying upon La. C.C. art. 3462, which provides:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
(Emphasis supplied.)
Plaintiff argues that a waiver of summons in the federal suit is tantamount to service of process, thereby interrupting prescription. Louisiana Code of Civil Procedure article 1201(A) provides in pertinent part, "[c]itation and service thereof are essential in all civil actions." However, Section B of Article 1201 expressly permits a defendant to "waive citation and service thereof by any written waiver made part of the record." Federal Rule of Civil Procedure article 4(d)(1), in pertinent part, provides that an individual, corporation, or association "has a duty to avoid unnecessary expenses of serving the summons" and further requires "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." (Emphasis supplied.)
Plaintiff maintains that "service" was made on DHH and DSS, at least by June 6, 2007, or within the prescriptive period. In support of this contention, at the hearing plaintiff introduced into evidence documentation showing that waivers of service *1054 of summons were mailed, via certified mail with return receipts requested, to DHH through the Office of the Governor, through the Office of the Attorney General, and through the Office of the Secretary for DHH, Frederick P. Cerise, M.D., on June 5, 2007. The return receipts demonstrate that the certified mail was accepted, or signed for, at all three offices on June 6, 2007. In addition, plaintiff introduced documentation showing that waivers of service of summons were similarly mailed to DSS, via certified mail with return receipts requested, to the Office of the Governor, through the Office of the Attorney General, and to DSS through its Secretary, Ann Silverberg Williamson, on June 5, 2007. The return receipts similarly show that the mail was delivered to those offices on June 6, 2007, and were accepted that date by representatives of those offices. The record shows that David E. Verlander, III, attorney for the State of Louisiana, executed the waiver of service of summons on behalf of DSS on June 22, 2007, and on behalf of DHH on June 26, 2007. Accordingly, plaintiff argues that both DHH and DSS were served no later than June 6, 2007.
Moreover, plaintiff contends that prescription was continuously interrupted until a final judgment was signed dismissing DHH and DSS from the federal court proceeding, citing La. C.C. art. 3463. This article provides that an interruption of prescription resulting from service of process within the prescriptive period continues as long as the suit is pending. The comments to this article state that an interruption of prescription resulting from the service of process in an action filed in an incompetent court continues as long as the suit is pending. Plaintiff contends that service of process was made before the accrual of prescription; moreover, the federal court proceeding was not dismissed until September 24, 2007, and until then, prescription was continuously interrupted. The state court suit was filed on August 24, 2007.
DHH and DSS maintain that the trial court correctly dismissed the suit against them as prescribed. DHH and DSS contend they were neither served with process nor citation as is required to interrupt prescription. In so stating, DHH and DSS contend that it is a long held principle that "[t]he only demand by which prescription is interrupted is citation" (citing Grayson v. Mayo, 2 La. Ann. 927 (La. 1847)). DHH and DSS also rely on Achord v. Holmes, 34 So.2d 807, 808 (La.App. 1st Cir.1948), which held: "[c]itation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only form of notice which will interrupt prescription. Actual notice will not suffice." In Achord, suit was filed against John M. Holmes, erroneously sued as the father of a minor child responsible for causing the accident resulting in injury to plaintiff. However, the return of citation in the initial suit showed that domiciliary service was made upon M.L. Holmes, the minor child's paternal grandmother. Plaintiff filed a subsequent suit naming the proper defendant, W.M. Holmes (the father of the minor child), more than two years after the accident occurred. This suit was met with an exception of prescription. Because the minor child, W.M. Holmes, and M.L. Holmes, all resided at the same address, plaintiff argued that W.M. Holmes had "actual notice" of the former suit sufficient to interrupt prescription. This court affirmed the judgment of the trial court maintaining the exception of prescription. This court noted that plaintiffs allegation that W.M. Holmes had actual notice of the former suit, even though John M. Holmes was erroneously named defendant, was simply an assumption based on the fact that W.M. *1055 Holmes and the person to whom citation was handed in the first suit filed were all members of the same household. Moreover, the court concluded that actual notice does not constitute judicial notice.
We agree, however, with plaintiff that the instant case is distinguishable from Achord. In the first instance, the defendant in Achord received domiciliary service more than two years after the accident occurred, and there was, at most, only an assumption that he had received actual notice of the prior suit. Defendants in the instant case did, in fact, receive notice because they received copies of the complaint, and they executed waivers of summons.
Moreover, since this court's ruling in Achord, the supreme court has addressed the issue in Breaux v. Vicknair, 507 So.2d 1242 (La.1987) (per curiam). In Breaux, after an accident on January 11, 1984, plaintiff timely filed suit in federal court on December 3, 1984. Prior to dismissal of the suit in federal court for lack of subject matter jurisdiction, a suit was filed in state court. Defendants filed the peremptory exception of prescription in state court on the basis that they had never acknowledged service of process in federal court, as required by the federal rules. A signed return receipt was admitted into evidence to show that Nolan Vicknair, defendant, received the federal court pleadings on January 11, 1985, and he and two other defendants filed answers in the federal court proceedings and commenced discovery without excepting to service. The trial court granted the exception of prescription. The Fifth Circuit Court of Appeal affirmed. The supreme court reversed, noting that La. C.C. art. 3462 provides that an action commenced in an incompetent court interrupts prescription as to a defendant served with process within the prescriptive period. Even if process is defective and subject to exception, it interrupts prescription if it is sufficient to inform the persons served of the legal demand made upon them. Breaux, 507 So.2d at 1243 (citing Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974)).
In the instant case, although DHH and DSS excepted to jurisdiction in federal court, there is no evidence or representation that they ever objected to service of process as improper, and, in fact, the evidence demonstrates that they executed waivers of summons in the federal proceedings. Moreover, there is no doubt that they received notice of the proceedings against them.
DHH and DSS then argue that even if this court believes that a waiver of summons is tantamount to service of process, it is a well-established fact that service of process must be made on the proper defendant to interrupt the running of prescription when the action is filed in an incompetent court, citing Jinright v. Glass, 2006-888 (La.App. 5th Cir.2/27/07), 954 So.2d 174, writ denied, XXXX-XXXX (La.5/4/07), 956 So.2d 618 and Mejia v. Lineas Maritimas De Santo Domingo, 570 So.2d 548 (La.App. 4th Cir.1990).
DHH and DSS contend that they were not properly served in accordance with La. R.S. 39:1538.[5] DHH and DSS allege *1056 that this statute gives parties the right to bring suit against state agencies in tort in state courts.[6] The statute states, in pertinent part:
(1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter ...
. . .
(4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.
(Emphasis supplied.)
DHH and DSS contend that it was improper to effect service upon them through the Office of the Governor, citing Thorning v. State ex rel. Dept. of Transp and Development, 2006-57 (La.App. 5th Cir.6/28/06), 934 So.2d 895, writ denied, XXXX-XXXX (La.10/27/06), 939 So.2d 1286; however, we note, as evidenced by the return receipts offered into evidence over defendants' objection, they were actually served through the Governor, the Attorney General, and the secretaries of their respective departments. DHH and DSS additionally contend that the Office of Risk Management, not a named party in the litigation, was not served. Unlike DHH and DSS, the Office of Risk Management was created within the Division of Administration, which is identified as a department under the Office of the Governor. See La. R.S. 36:4(B)(l)(a). Accordingly, the Governor was the proper person to receive service on behalf of the Office of Risk Management.[7]
Service of process was made upon DHH and DSS in federal court, upon the proper person as designated by law, within the prescriptive period, and prescription was continuously interrupted until judgment of dismissal was signed in the federal proceeding.[8] Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings. Costs *1057 of this appeal in the amount of $825.88 are assessed to the State of Louisiana, Department of Health & Hospitals and the Department of Social Services, to be borne equally by the two departments.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

ON REHEARING
PER CURIAM.
The appellees, the State of Louisiana, through the Department of Health and Hospitals and the Department of Social Services (DHH and DSS), have petitioned this court for a rehearing of our June 6, 2008 decision reversing the trial court's judgment granting the peremptory exception raising the objection of prescription in favor of defendants. DHH and DSS allege that our original opinion was in error based upon our reliance in part on Breaux v. Vicknair, 507 So.2d 1242 (La.1987) (per curiam), which was decided under the 1983 version of Federal Rule of Civil Procedure Rule 4 ("Rule 4"). The application for rehearing is granted for the limited purpose of clarifying our opinion and to address the effect of the amendment to Rule 4.
Effective December 1, 1993, Rule 4 was substantially overhauled. Most notably, subsection (d) entitled "Waiving Service" was added and replaced the mail method of service introduced in the 1983 amendment (the former Rule 4(c)(2)(C)(ii)). See Rule 4; 28 U.S.C.A., Practice Commentary C4-1, C4-15. Rule 4(d) now provides in pertinent part:
(1) Requesting a Waiver. An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons....
* * *
(2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
(A) the expenses later incurred in making service; and
(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.
Rule 4(j) prescribes the method of serving a Foreign, State, or Local Government as follows:
(1) Foreign State. A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.
(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
(A) delivering a copy of the summons and of the complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.
Rule 4, 28 U.S.C.A., Practice Commentary C4-28 notes "[t]he waiver-of-service procedure of subdivision (d) of Rule 4 is not applicable to any of the defendants enumerated in subdivision (j), but there is nothing to prevent the plaintiff from asking the defendant to accept service without a fuss." (Emphasis supplied.) In other words, the state is not obligated, or cannot be compelled, or does not have a *1058 duty to waive service under the provisions of Rule 4(d); however, there is nothing to prevent the state from waiving service in this manner.[1] Indeed, even a corporation or individual susceptible to the waiver-of-service procedure of subdivision (d) of Rule 4 may refrain from signing and returning a waiver under this section.[2] As Practice Commentary C4-18 points out "the request for a waiver under the present rule is only thata requestand does not even purport to be service itself.... The lesson here is therefore addressed to the plaintiff: don't ever turn to the waiver procedure when there isn't substantial time still left on the statute of limitations... to enable a process server to make formal service in time in the event that a duly sought waiver is not returned."
In the instant case, plaintiffs' counsel requested DHH and DSS to waive service and summons in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure. They obliged, as the record shows that David E. Verlander, III, attorney for the State of Louisiana, executed waivers of service of summons on behalf of DSS on June 22, 2007, and on behalf of DHH on June 26, 2007.
We note that both DHH and DSS could have of right refused to acknowledge service in this manner under the Federal Rules of Civil Procedure. Plaintiffs mailed the waivers to defendants dangerously close to the tolling of prescription. The return receipts demonstrate that the certified mail containing the complaint, the summons, and the waivers were received by the respective departments on June 6, 2007. Prescription of plaintiffs' claims purportedly ran on June 8, 2007. Had the suit been filed in a competent court, this would not have presented a problem for plaintiffs because under Rule 4(m) a plaintiff has 120 days after the complaint is filed within which to serve a defendant. The issue of time only became critical because plaintiff filed suit in an incompetent court. Therefore, under the pertinent language of La. C.C. art. 3462, "prescription is interrupted only as to a defendant served by process within the prescriptive period." In hindsight, defendants regret waiving service.
On the record before us, it appears that DHH and DSS filed in the federal court only a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, on Grounds of Eleventh Amendment Immunity, and For Failure to State a Claim Upon Which Relief Can Be Granted." In federal practice, a defendant should be specific about the nature of the jurisdictional objection he wants to raise. See Rule 4, 28 U.S.C.A., Practice Commentary C4-43. The defendant should be explicit when he wants to raise and preserve the objection of insufficiency of service of process. Id. See also Rogue v. U.S., 857 F.2d 20, 21-22 (1st Cir.1988).
We have reviewed all of the federal cases cited by appellees in their application for rehearing. As far as we can discern, none of these cases involved voluntary waivers of summons executed by defendants. As far as our reliance on Breaux, that case has not been overruled. Although decided at a time when the old mail-method of service was still available in federal court, we believe that Breaux is *1059 still good law for the proposition that a defendant cannot rest on its laurels. If a defendant is sued in an incompetent court, it should assert all defenses it has to that proceeding, particularly if defendant has a quarrel with sufficiency of service of process or citation.[3]
In their application for rehearing, appellees contend that, unlike the defendants in Breaux, they did not file an answer or undertake discovery in the federal proceeding but instead objected only to subject matter jurisdiction. However, appellees continue to ignore the fact that they executed waivers wherein they not only acknowledged receipt of a complaint but also expressly acknowledged that they would not require service with judicial process in any other manner. They retained all defenses or objections to the lawsuit and to the jurisdiction or venue of the court "except for objections based on a defect in the summons or in the service of the summons."[4] The basis for raising the exception of prescription in this proceeding is that they were not served within the prescriptive period. They waived service in federal court, and we believe they have no right now to complain.
Because defendants executed waivers of summons in the federal proceeding without exception, we affirm our prior ruling that service of process was made upon DHH and DSS in federal court, within the prescriptive period, and prescription was continuously interrupted until the judgment of dismissal was signed in the federal proceeding. The amendment to Rule 4 does not compel a different result.

CONCLUSION
For the foregoing reasons, we maintain our earlier decree, reversing the trial court judgment granting the peremptory exception raising the objection of prescription, and we remand for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The petition alleges that the sexual abuse committed by Freddie Staten upon D.B.W. began on February 6, 2004, and continued through June 8, 2006.
[2] The petition alleges that Christie Jones beat D.B.W. with a belt on or about May 7, 2006.
[3] Ms. Woods alleged the abuse against her son became known to her on June 8, 2006.
[4] We reject plaintiff's contention that the two-year prescriptive period found in La. C.C. art. 3493.10 applies to her claims against DHH and DSS. Louisiana Civil Code article 3493.10 provides a two-year prescriptive period for delictual actions based on a crime. However, the petition contains no allegations that DHH or DSS committed a crime of violence resulting in damage to plaintiff. The only criminal acts alleged are those committed by Freddie Staten, who is not an employee of DHH or DSS or otherwise affiliated with these departments in any capacity.
[5] The general requirement for service upon the State is found at La. R.S. 13:5107(A), which provides:

In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency or officer through which or through whom suit is to be filed against.
[6] The Constitution of Louisiana, article 12, § 10(A) grants that right, as follows:

No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
[7] Thorning is the only case we are aware of interpreting the provisions of La. R.S. 39:1538, and we question its applicability herein. We agree with the concurring judge in Thorning that La. R.S. 39:1538(4) refers to the procedure for collecting on a claim against the state or a state agency. In any event, we believe that service was effected in accordance with this statute.
[8] We therefore pretermit a discussion concerning whether DHH and DSS are solidarity liable with the defendants remaining in the federal suit.
[1] We also note that Louisiana law expressly allows for a waiver of service of citation by the state, a state agency, or political subdivision. See La. R.S. 13:5107(D)(1). Moreover, La. C.C.P. art. 1201(B) provides "[t]he defendant may expressly waive citation and service thereof by any written waiver made part of the record."
[2] The only consequence to a defendant that refuses to comply with the waiver procedure is the payment of plaintiff's service costs.
[3] In so ruling, the supreme court noted La. C.C.P. art. 925 indicates that the objections available to a defendant through the declinatory exceptions for such deficiencies as insufficiency of citation and insufficiency of service of process "are waived unless pleaded" by the declinatory exceptions.
[4] Had defendants refused to execute and return the waivers, the plaintiffs would have still had time under Rule 4(m) to serve defendants in an alternate manner. Having received the express waivers of service of process, plaintiffs were certainly lulled into a belief that service was satisfactorily accomplished upon defendants.